UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JOHN CURLEE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendants. | No. 1:20-cv-00145-NONE-SAB<br><br>ORDER REQUESTING THAT PLAINTIFF PROVIDE CLARIFICATION RE CONFLICTING CONSENT FORMS |

　　　　On January 29, 2020, plaintiff Larry John Curlee, proceeding *pro se* and *in forma pauperis*, filed this action seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying an application for disability benefits pursuant to the Social Security Act. (Doc. No. 1.) In his complaint, plaintiff claims he is currently "at Coalinga State Hospital on a VOLUNTARY BASIS to receive treatment and evaluation." (*Id*. at 3.) He asserts his Social Security benefits were wrongfully terminated. (*Id*. at 2–3.)

　　　　On February 10, 2020, plaintiff formally consented to magistrate judge over this action by signing the portion of the court's consent form (Doc. No. 5-2) that indicates he "voluntarily consent[s] to have a United States Magistrate Judge conduct any and all further proceedings in

1

his case, including the entry of final judgment" (*see* Doc. No. 7, filed Feb 13, 2020).  On March 17, 2020, defendant also consented to magistrate judge jurisdiction.  (Doc. No. 10.)

Thereafter, the assigned magistrate judge entered a number of orders, including an order staying the matter (Doc. No. 12, filed June 17, 2020), and later lifting the stay (Doc. No. 21, filed May 4, 2021).  Soon after the stay was lifted, plaintiff sent a letter to the Clerk of the Court that, among other things, asked the court to inform him of what the next required court action is and "what is expected of me and what time constraints are imposed."  (Doc. No. 22, filed May 26, 2021.)  In response, the magistrate judge ordered that plaintiff be provided with a copy of the docket in this case as well as another copy of a previously served informational order for *pro se* litigants.  (*See* Doc. No. 23.)  However, the magistrate judge's order inadvertently used the incorrect docket number when providing directions to the Clerk of the Court.  As a result, it appears that the Clerk of the Court sent plaintiff copies of the court's scheduling order and consent form, rather than the informational order.  (*Id*. (directing clerk of court to send Doc. No. 5, rather than Doc. No. 6).)  The court will correct that error here and will direct the Clerk of the Court to send the informational order for *pro se* litigants (Doc. No. 6) to plaintiff.

Even though plaintiff had previously consented to the magistrate judge, he executed another copy of the consent form on June 30, 2021, in which he declined to consent to magistrate judge jurisdiction.  (Doc. No. 24, filed July 9, 2021.)  This has created a potential conflict.  Moreover, consent cannot be withdrawn without a proper showing.  If all parties to a civil action consent, all proceedings including trial and entry of judgment may be conducted by a magistrate judge.  28 U.S.C. § 636(c)(1); *Branch v. Umphenour*, 936 F.3d 994, 1000 (9th Cir. 2019); *Dixon v. Ylst*, 990 F.2d 478, 479–80 (9th Cir. 1993).  "There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." *Dixon*, 990 F.2d at 480.  Under both the United States Code and the Federal Rules of Civil Procedure, once a civil case is referred to a magistrate judge under § 636(c), the reference can be withdrawn by the court only "for good cause on its own motion, or under extraordinary circumstances shown by any party."  28 U.S.C. § 636(c)(4); Fed. R. Civ. P. 73(b)(3); *Branch*,

936 F.3d at 1002; *Dixon*, 990 F.2d at 480. "Good cause" and "extraordinary circumstances" are high bars that are difficult to satisfy. *Branch*, 936 F.3d at 1004. "Neither mere dissatisfaction with a magistrate judge's decisions, nor unadorned accusations that such decisions reflect judicial bias, will suffice." *Id*. A motion to withdraw consent or reference is to be decided by the district judge, not the magistrate judge. *Id*. at 1003.

Because it is possible that the confusion here was caused by the court's own error, the court will not take immediate action on the second consent form filed by plaintiff. Instead, it will request that plaintiff clarify his intent as set forth below.

Accordingly,

(1) Within 21 days of the date of this order, plaintiff is directed to clarify his intent regarding consent to magistrate judge jurisdiction over this action. If plaintiff wishes to proceed according to his original consent, he should so indicate in a brief filing. If, on the other hand, plaintiff indeed wishes to withdraw his consent, he should so indicate and may provide additional reasons for his requested withdrawal of consent in light of the above-mentioned standards applicable to a motion to withdraw consent; and

(2) The Clerk of the Court shall send plaintiff a copy of the informational order for pro se litigants (Doc. No. 6).

IT IS SO ORDERED.

Dated: __**August 2, 2021**__                               _____
UNITED STATES DISTRICT JUDGE