# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JOHN CURLEE,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:20-cv-00145-SAB<br><br>ORDER DIRECTING PARTIES TO PROCEED UNDER AMENDED SCHEDULING ORDER<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL<br><br>(ECF Nos. 5, 28) |

On January 29, 2020, Plaintiff Larry John Curlee, proceeding *pro se* and *in forma pauperis*, filed this action seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying an application for benefits pursuant to the Social Security Act. (ECF No. 1.) In his complaint, plaintiff claims he is currently "at Coalinga State Hospital on a VOLUNTARY BASIS to receive treatment and evaluation." (Id. at 3.) He asserts his Social Security benefits were wrongfully terminated. (Id. at 2–3.)

On February 10, 2020, Plaintiff consented to have a magistrate judge preside over this action through entry of final judgment by signing the portion of the court's consent form. (ECF No. 7, filed Feb 13, 2020). On March 17, 2020, Defendant also consented to magistrate judge jurisdiction. (ECF No. 10.) After the stay of this action was lifted, Plaintiff sent a letter to the Clerk of the Court that, among other things, asked the court to inform him of what the next

1

1 required court action is and "what is expected of me and what time constraints are imposed." 2 (ECF No. 22, filed May 26, 2021.)  In response, the Court mailed Plaintiff the scheduling order, 3 including another consent form.  Even though Plaintiff previously consented to the magistrate 4 judge, he executed another copy of the consent form on June 30, 2021, in which he declined to 5 consent to  magistrate judge jurisdiction.  (ECF No. 24, filed July 9, 2021.)  On August 3, 2021, 6 the Court issued an order directing Plaintiff to clarify his intent regarding consent to magistrate 7 judge jurisdiction over this action. (ECF No. 27.)  On August 13, 2021, a response to that order 8 from Plaintiff was filed.  (ECF No. 28.)  On August 18, 2021, the District Judge denied the 9 construed request to withdraw consent and this matter was reassigned back to the undersigned 10 Magistrate Judge Stanley A. Boone.  (ECF No. 29.)  Further, the District Judge deferred ruling 11 on Plaintiff's request to appoint counsel that was contained in the August 13, 2021 filing, so that 12 the request could be decided by the undersigned after reassignment.  (Id.)

### A. Scheduling Guidelines

When Plaintiff previously requested that the Court inform him of the next required action and the time constraints, Plaintiff had also requested the Clerk of the Court to advise the undersigned of Plaintiff's "situation so that time constraints can be broadened," due to him being "in a quarantine situation which makes access to the law library extremely difficult." (ECF No. 22.)  The Clerk of the Court then re-served the scheduling order on May 28, 2021.  Since then, no filing have been provided to the Court indicating that confidential letter briefs have been exchanged, as required in the scheduling order.

Given that no filings indicating that confidential letter briefs have been served in this action, the fact that on May 4, 2021, the stay of this action was lifted and the parties were ordered to proceed under the scheduling guidelines, and given Plaintiff's *pro se* status, the Court finds good cause to amend the scheduling order and order the parties to proceed directly into a simplified briefing schedule, and waive the requirement to exchange confidential letters.  The Court shall also broaden the time for Plaintiff to file an opening brief pursuant to his request.

Accordingly, the Court shall set a briefing schedule for the parties below.  The Court now turns to Plaintiff's request for appointment of counsel.

### B. Appointment of Counsel

In Plaintiff's response filed on August 13, 2021, after requesting the Court reinstate his old-age social security benefits and order Defendant to not take away any benefits in the future, Plaintiff states if that is not possible, he requests the Court appoint an experienced attorney ("not a disability charlatan") because of the confusing nature of his case. (ECF No. 28 at 3.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted) (first alteration in original). "Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. See id.

The Court has considered Plaintiff's request for appointed counsel but does not find the required exceptional circumstances. In reviewing the complaint, the Court finds that Plaintiff's claims do not appear to present novel or complex issues of substantive law. Specifically, Plaintiff appears to have been able to clearly articulate his allegations in a typed complaint, clearly laid out and organized the sections in the complaint, completed a declaration attached to the complaint, and compiled and attached exhibits to the complaint. Plaintiff has to date demonstrated reasonable writing ability and legal knowledge. Finally, as currently presented and in this stage of the case before Defendant has filed any substantive briefing, it is not clear whether Plaintiff has a likelihood of success on the merits. Given Plaintiff's ability to articulate his claims, the Court finds exceptional circumstances do not now exist to warrant appointment of

counsel, though after the filing of the parties' opening and responsive briefs to be filed, Plaintiff may file a renewed request for appointment.  See Leon v. Celaya, No. 20-CV-00899-AJB-BGS, 2021 WL 533514, at *2 (S.D. Cal. Feb. 12, 2021) ("At this [early] stage, the Court cannot determine whether or not Plaintiff is likely to succeed on the merits of his claims.").

Accordingly, Court finds that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time.  LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  While a *pro se* litigant may be better served with the assistance of counsel, so long as a *pro se* litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist.  Rand v. Rowland, 113 F.3d at 1525.

**C.     Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall file an opening brief (motion for summary judgment) explaining the legal and factual basis for Plaintiff's social security appeal, within **forty-five (45) days** of service of this order;

2. Defendant shall file a responsive brief within **thirty (30) days** of service of Plaintiff's opening brief/motion for summary judgment;

3. Plaintiff shall file any option reply brief within **fifteen (15) days** after service of Defendant's responsive brief; and

4. Plaintiff's request for appointment of counsel (ECF No. 28 at 3) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  **August 26, 2021**

_____
UNITED STATES MAGISTRATE JUDGE

4