# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JOHN CURLEE,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:20-cv-00145-SAB<br><br>ORDER DISCHARGING OCTOBER 14, 2021 ORDER TO SHOW CAUSE<br><br>ORDER GRANTING IN PART REQUEST FOR EXTENSION OF TIME<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF Nos. 31, 32, 33)<br><br>**THIRTY DAY DEADLINE** |

On January 29, 2020, Plaintiff Larry John Curlee, proceeding *pro se* and *in forma pauperis*, filed this action seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying an application for benefits pursuant to the Social Security Act. (ECF No. 1.) In his complaint, Plaintiff claims he is currently "at Coalinga State Hospital on a VOLUNTARY BASIS to receive treatment and evaluation." (Id. at 3.)

On May 4, 2021, the Court lifted the stay of this action and directed the parties to proceed under the scheduling order issued on January 31, 2020. (ECF Nos. 5, 21.) On August 26, 2021, given that no filings indicating that confidential letter briefs had been served or exchanged in this action, and given Plaintiff's *pro se* status, the Court found good cause to amend the scheduling

1  order and order the parties to proceed directly into a simplified briefing schedule, waiving the
2  requirement to exchange confidential letters.  (ECF No. 30.)  The Court also broadened the time
3  for Plaintiff to file an opening brief pursuant to his request, and ordered an opening brief to be
4  filed within forty-five (45) days of service of the order.  (Id.)  Additionally by the same order, the
5  Court denied Plaintiff's first motion for appointment of counsel.  (Id.)

6  Because the deadline to file the opening brief passed and Plaintiff did not file a brief nor
7  requested a further extension of time to do so, on October 14, 2021, the Court ordered Plaintiff to
8  show cause why this action should not be dismissed for failure to prosecute.  (ECF No. 31.)  On
9  October 26, 2021, the Court filed Plaintiff's response to the order to show cause, as well as a
10 second motion for the appointment of counsel.  (ECF Nos. 32, 33.)

11 **A.    Response to Order to Show Cause and Request for 180 Day Extension**

12 Plaintiff proffers that he has no computer or email access, and has never received any
13 electronic communication of any sort from the Court.  (ECF No. 32.)  Plaintiff states he has
14 previously received letters from the Court, such as the informational order for *pro se* litigants,
15 but states the information he is receiving is confusing, and the delays in his case due to COVID-
16 19 have been very confusing.  (ECF No. 32 at 2.)  Plaintiff requests a 180 day extension of time
17 to file his opening brief, stating he is in a lock-down due to COVID-19 protocol, with no access
18 to email, internet, or the law library computer.  Plaintiff also states he is concurrently attaching a
19 motion for appointment of counsel, as he does not understand many of the legal terms used in the
20 documents that he received.  (Id.)

21 First, as for the fact that Plaintiff has not received electronic communications, *pro se*
22 parties generally receive paper filings from the Court through postal mail, not electronic means.
23 The Local Rules generally require *pro se* parties to file and serve paper documents.  See L.R.
24 133(a).  A *pro se* litigant may request an exception to this requirement by filing a joint
25 stipulation or by "written motion[] setting out an explanation of reasons for the exception." L.R.
26 133(b)(2), (3); 183(c).  Although not expressly stated as a request for exemption, the Court
27 notifies Plaintiff that it finds no basis to deviate from the default requirement that *pro se* parties
28 file and serve paper documents.  The Court notes that Plaintiff has demonstrated the ability to

2

1  receive and promptly respond to the Court's mailed orders. (ECF Nos. 27, 28, 30, 31, 32, 33.)

2  As for Plaintiff's extension request, the Court finds a 180 day extension of time is 3 excessive, and would be tantamount to a stay of these proceedings. Other than blanketly 4 declaring he has no access to the internet or the law library computer, Plaintiff has failed to 5 describe any specific efforts he has made to complete the briefing in accordance with the 6 deadline, nor any specific attempts or inability to obtain materials from the law library, despite 7 the complaint that he is not able to physically enter the library. While the Court is mindful of the 8 difficulties in litigating an action when confined in a state hospital or prison, the Court is also 9 aware that other such litigants have been able to timely comply with the Court's orders during 10 the COVID-19 public health emergency. Plaintiff's cursory contention that he was not allowed 11 access to the law library, without supporting documentation, does not present sufficient cause for 12 a 180 day extension.

13 Aside from the complaint of physical law library access, Plaintiff has previously 14 demonstrated the ability to prosecute his action in a timely manner. Plaintiff clearly articulated 15 his allegations in a typed complaint, clearly laid out and organized the sections in the complaint, 16 completed a declaration attached to the complaint, and compiled and attached exhibits to the 17 complaint. While Plaintiff states he no longer has access to a computer and must now handwrite 18 his filings, the Court notes that Plaintiff has promptly responded to the Court's orders, and has 19 demonstrated the ability to understand the filings and clearly state his position in these 20 handwritten filings. (ECF Nos. 27, 28, 30, 31, 32, 33.)

21 The Court finds that an extension of thirty (30) days is reasonable given the 22 circumstances presented in Plaintiff's motion. **The Court will not grant a further extension** 23 **based on a blanket declaration of inability to access the law library without a specific** 24 **declaration of the efforts Plaintiff has undertaken to finish the opening brief; in addition to** 25 **a description of the inability to retrieve or obtain any library materials or presentation of** 26 **other evidence or certification from the Coalinga State Hospital.**

27 Accordingly, the Court shall discharge the order to show cause based on the Plaintiff's 28 response, and grant Plaintiff an additional thirty (30) days to file an opening brief.

### B. Appointment of Counsel

The Court previously denied Plaintiff's motion for appointment of counsel. (ECF No. 30.) In Plaintiff's second motion for appointment of counsel filed October 26, 2021, Plaintiff requests appointment on the following grounds: (1) he cannot afford counsel; (2) issues in this case are complex; (3) COVID-19 delays have confused the Plaintiff; (4) intermittent mailings and non-receipt of electronic transmission of orders have placed Plaintiff at a disadvantage; (5) appointment of an experienced federal attorney "(private not government)" would allow for electronic responses, communications and better facilitate the resolution of this case in a fair manner; and (6) counsel would help expedite this case filed in an "apparently overburdened" district. (ECF No. 33 at 1-2.) Last, Plaintiff emphasizes that the motion to appoint counsel contains no citations because he has no access to the law library computer system due to COVID-19 lockdown which appears to remain for several months. (Id. at 2.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted) (first alteration in original). "Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. See id.

The Court has considered Plaintiff's second request for appointed counsel but again does not find the required exceptional circumstances. In reviewing the complaint, the Court finds that Plaintiff's claims do not appear to present novel or complex issues of substantive law. As noted

1 above, Plaintiff was able to clearly articulate his allegations in the complaint, and compiled and
2 attached exhibits to the complaint.  Plaintiff has to date demonstrated reasonable writing ability
3 and legal knowledge.  While Plaintiff again complains of not being able to receive electronic
4 filings, as explained above, Plaintiff has shown the ability to receive via postal mail, and
5 promptly respond to via postal mail, the Court's orders.  The Court does not find any evidence in
6 the record before it that the Plaintiff has been disadvantaged by not having access to electronic
7 filing in this action.

8       Finally, as currently presented and in this stage of the case before Defendant has filed any
9 substantive briefing, it is not clear whether Plaintiff has a likelihood of success on the merits.
10 Given Plaintiff's ability to articulate his claims, the Court finds exceptional circumstances do not
11 now exist to warrant appointment of counsel, though after the filing of the parties' opening and
12 responsive briefs to be filed, Plaintiff may file a renewed request for appointment.  See Leon v.
13 Celaya, No. 20-CV-00899-AJB-BGS, 2021 WL 533514, at *2 (S.D. Cal. Feb. 12, 2021) ("At
14 this [early] stage, the Court cannot determine whether or not Plaintiff is likely to succeed on the
15 merits of his claims.").

16       Accordingly, Court finds that neither the interests of justice nor exceptional
17 circumstances warrant appointment of counsel at this time.  LaMere v. Risley, 827 F.2d 622, 626
18 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  While a *pro se* litigant
19 may be better served with the assistance of counsel, so long as a *pro se* litigant, such as Plaintiff
20 in this instance, is able to "articulate his claims against the relative complexity of the matter," the
21 "exceptional circumstances" which might require the appointment of counsel do not exist.  Rand
22 v. Rowland, 113 F.3d at 1525.
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

Accordingly, IT IS HEREBY ORDERED that:

1. The October 14, 2021 order to show cause (ECF No. 31) is DISCHARGED;
2. Plaintiff's request for a 180 day extension of time to file an opening brief is GRANTED in part;
3. Plaintiff shall file an opening brief within **thirty (30) days** of entry of this order; and
4. Plaintiff's request for appointment of counsel (ECF No. 33) is DENIED; and
5. **Failure to comply with this order shall result in this action being dismissed for failure to prosecute**.

IT IS SO ORDERED.

Dated:   **October 27, 2021**

UNITED STATES MAGISTRATE JUDGE