# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JOHN CURLEE,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Case No. 1:20-cv-00145-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 35) |

On January 29, 2020, Plaintiff Larry John Curlee, proceeding *pro se* and *in forma pauperis*, filed this action seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying an application for benefits pursuant to the Social Security Act. (ECF No. 1.) In his complaint, Plaintiff claims he is currently "at Coalinga State Hospital on a VOLUNTARY BASIS to receive treatment and evaluation." (Id. at 3.) The Court has previously twice denied Plaintiff's motions for appointment of counsel. (ECF Nos. 30, 34.) On November 24, 2021, Plaintiff filed a third motion for appointment of counsel, as well as an opening brief in this action. (ECF Nos. 35, 36.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances

1

1 the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted) (first alteration in original). "Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. See id.

The Court has considered Plaintiff's third request for appointed counsel but again does not find the required exceptional circumstances. As noted previously, Plaintiff was able to clearly articulate his allegations in the complaint, and compiled and attached exhibits to the complaint. The Court has reviewed the opening brief filed on the same date as the motion for appointment of counsel. (ECF No. 36.) While Plaintiff's motion for appointment of counsel proffers a continued denial of access to the law library and a lack of legal experience and ability compared to the Social Security Administration, the Court finds Plaintiff has demonstrated reasonable writing ability and legal knowledge, and has included legal citations and factual information sufficient for the Defendant to file a responsive brief, and for the Court to consider the merits of Plaintiff's claims.

As Defendant has not filed any substantive briefing, it is not clear whether Plaintiff has a likelihood of success on the merits. Given Plaintiff's ability to articulate his claims, the Court finds exceptional circumstances do not now exist to warrant appointment of counsel. See Leon v. Celaya, No. 20-CV-00899-AJB-BGS, 2021 WL 533514, at *2 (S.D. Cal. Feb. 12, 2021) ("At this [early] stage, the Court cannot determine whether or not Plaintiff is likely to succeed on the merits of his claims.").

Accordingly, Court finds that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). While a *pro se* litigant

may be better served with the assistance of counsel, so long as a *pro se* litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. <u>Rand v. Rowland</u>, 113 F.3d at 1525.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for appointment of counsel (ECF No. 35) is DENIED.

IT IS SO ORDERED.

Dated:   **November 30, 2021**

UNITED STATES MAGISTRATE JUDGE