1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10

11 | LARRY JOHN CURLEE,

Case No.  1:20-cv-00145-SAB

12 |            Plaintiff,

ORDER DENYING PLAINTIFF'S SOCIAL
SECURITY APPEAL

13 |     v.

(ECF Nos. 36, 38, 39)

14 | COMMISSIONER OF SOCIAL SECURITY,

15 |            Defendant.

16

17 | **I.**

18 | **INTRODUCTION**

19       Plaintiff Larry John Curlee ("Plaintiff") seeks judicial review of a final decision of the

20 Commissioner of Social Security ("Commissioner" or "Defendant") denying his request to review

21 the administrative law judge's ("ALJ") dismissal of his request for a hearing to challenge the

22 suspension of retirement benefits, following Plaintiff's failure to appear at his hearing or submit a

23 response to the ALJ's request to show cause.  The matter is currently before the Court on the

24 parties' briefs, which were submitted without oral argument, to Magistrate Judge Stanley A.

25 Boone.[1]  For the reasons set forth below, Plaintiff's Social Security appeal shall be denied.

26 ///

27

28    [1]  The parties have consented to the jurisdiction of the United States Magistrate Judge and this action has been
assigned to the undersigned magistrate judge for all purposes.  (See ECF Nos. 7, 10, 24, 29.)

**II.**

**BACKGROUND**

In March 2018, Plaintiff's Title II retirement benefits were suspended because the Commissioner learned that Plaintiff resided at Coalinga State Hospital since October 2017.  (See Admin. Rec. ("AR") 9–10, 12–13, 42–46, ECF No. 20-1.)[2]  On March 30, 2018, Plaintiff requested reconsideration of the suspension of his benefits.  (Id. at 8–11.)  On May 21, 2018, on reconsideration, the determination to suspend Plaintiff's benefits was affirmed.  (Id. at 12–14.)

On July 18, 2018, Plaintiff requested a hearing before an ALJ.  (Id. at 15.)  On November 19, 2018, the hearing office acknowledged Plaintiff's request for an ALJ hearing.  (Id. at 16–18.)  Plaintiff's hearing was scheduled for March 1, 2019.  (See id. at 20.)  On November 26, 2018, the hearing office attempted to reach Plaintiff by phone and left Plaintiff a voicemail informing him of the date and time of his hearing.  (Id. at 19.)  On December 7, 2018, the hearing office mailed Plaintiff a notice providing the date, time, and location of his hearing, with instructions for preparing for and appearing at the hearing and notification of Plaintiff's rights.  (Id. at 20–29.)  Pursuant to the notice of hearing, Plaintiff was informed:

> **It Is Important That You Attend Your Hearing**
>
> . . . If you do not attend the hearing and I [the ALJ does] not find that you have a good reason, I may **dismiss** your request for hearing.

(Id. at 20–21 (emphasis in original).)  The notice included an "Acknowledgement of Receipt (Notice of Hearing)" form, which Plaintiff was directed to complete and return immediately.  (Id. at 28.)

On January 22, 2019, the hearing office mailed Plaintiff notification that his file was ready for review, provided instructions for Plaintiff to call the hearing office to inspect his file, and directed Plaintiff to submit any additional evidence relevant for his hearing immediately.  (Id. at 32.)  It appears from the record that Plaintiff never went to the hearing office to inspect his file and did not submit additional evidence in advance of his hearing date.  (See, generally, ECF No.

---

[2] For ease of reference, the Court will refer to the administrative record by the pagination provided by the Commissioner and as referred to by the parties, and not the ECF pagination.  However, the Court will refer to the parties' briefings by their ECF pagination.

2

1    20.)

2         On February 10, 2019, Plaintiff returned the acknowledgement of receipt form, which was

3    received by the hearing office on February 15, 2019.  (AR 31.)  In the acknowledgment form,

4    Plaintiff indicated he was unable to obtain legal counsel and requested a ninety-day continuance

5    in order to conduct his own legal research.  The ALJ denied Plaintiff's request.  Plaintiff sent the

6    ALJ a letter, dated February 19, 2019, and received by the hearing office on February 22, 2019,

7    discussing the merits of his case and his unsuccessful attempts to retain an attorney, requesting

8    the office mail him copies of his case file, and again requesting a continuance of the hearing.  (Id.

9    at 32–33.)   The ALJ denied Plaintiff's request for a continuance.  (See id. at AR 35.)   On

10   February 25, 2019, the hearing office called Plaintiff and informed him of the ALJ's denial of his

11   request for a continuance.  (See id. at 6–7.)  That same day, the hearing office also mailed

12   Plaintiff a reminder notice of his upcoming hearing date.  (Id. at 34.)

13        On February 28, 2019, Plaintiff called the hearing office to again request a continuance of

14   his hearing.   (Id. at 35.)   The hearing office staff person emailed the ALJ asking for a

15   postponement based on Plaintiff's renewed claim that he had no car, no money for bus fare, and

16   the attorney who was going to take his case pulled out at the last minute.  The ALJ denied

17   Plaintiff's request, which the office staff person relayed to Plaintiff the morning of March 1,

18   2019.  Plaintiff then told the staff person that he would not be present for the hearing and would

19   wait for something in the mail from the ALJ.  Plaintiff did not attend the hearing that day.  (See

20   id. at 36; see also id. at 7.)

21        On March 4, 2019, the ALJ issued a request to show good cause for Plaintiff's failure to

22   appear at the hearing.  (Id. at 36–38.)  Plaintiff's response was due within ten days of the request.

23   Based on the record and an April 9, 2019 case report, it does not appear that Plaintiff ever

24   responded to the request to show cause, and Plaintiff does not dispute that he did not submit a

25   response to the request to show cause.  (See id. at 41; see also id. at 7; ECF Nos. 1, 36, 39.)

26        On May 22, 2019, the ALJ dismissed Plaintiff's request for a hearing because Plaintiff

27   failed to appear at the hearing and did not have good cause for his failure to do so.  (AR 3–7.)  On

28   December 4, 2019, the Commissioner denied Plaintiff's request to review the ALJ's May 22,

1  2019 dismissal, thus affirming the dismissal.  (Id. at 1–2.)

2       Plaintiff filed the instant action on January 29, 2020, and seeks judicial review of the

3  denial of his request to review the ALJ's dismissal of his request for a hearing.[3]  (ECF No. 1.)  On

4  May 3, 2021, Defendant submitted the administrative record.  (ECF No. 20.)  On November 24,

5  2021, Plaintiff filed an opening brief.  (ECF No. 36.)  On December 17, 2021, Defendant filed a

6  brief in opposition.  (ECF No. 38.)  On January 3, 2022, Plaintiff filed a reply.  (ECF No. 39.)

7  **III.**

8  **JURISDICTION/LEGAL STANDARD**

9       Congress has provided that an individual may obtain judicial review of any final decision

10  of the Commissioner of Social Security regarding entitlement to benefits.  42 U.S.C. § 405(g).

11       Where, as here, a claimant fails to attend his hearing before the ALJ, the ALJ denies his

12  request for a hearing on that basis (pursuant to 20 C.F.R. § 404.957), and the Appeals Council

13  denies the request to review the ALJ's dismissal, the Ninth Circuit has previously found there to

14  be no hearing or "final decision" by the Commissioner.  Subia v. Comm'r of Soc. Sec., 264 F.3d

15  899, 902 (9th Cir. 2001).  Under such circumstances, the Ninth Circuit has held the claimant

16  failed to exhaust his administrative remedies, and the district court lacked subject matter

17  jurisdiction to review the appeal under § 405(g).  Id. (affirming district court's dismissal of

18  plaintiff's appeal for lack of jurisdiction due to failure to exhaust administrative remedies).

19       More recently, however, the Supreme Court has held that, where the Appeals Council has

20  dismissed a request for review as untimely after a claimant has obtained a hearing from an ALJ

21  on the merits, that dismissal qualifies as a "final decision . . . made after a hearing" for purposes

22  of allowing judicial review under § 405(g).  Smith v. Berryhill, 139 S. Ct. 1765, 1771, 1780

23  (2019); see also Kavandi v. Kijakazi, No. 20-55740, 2021 WL 6101351 (9th Cir. Dec. 21, 2021)

24  (affirming district court's affirmance of Appeals Council's dismissal of plaintiff's request for

25  review for failure to show good cause to excuse his untimely filing).  Notably, the Supreme Court

26  _____

27  [3] The complaint additionally discusses the underlying merits of Plaintiff's claim for reconsideration of the suspension of his retirement benefits.  However, for the reasons discussed in greater detail herein, the only issue currently before the Court for review is the Commissioner's final decision denying Plaintiff's appeal of the ALJ's dismissal of his

28  request for a hearing.

1    acknowledged that a "different question would be presented by a claimant who assertedly faltered

2    at an earlier step — *e.g.*, whose request for an ALJ hearing was dismissed as untimely and who

3    then appealed that determination to the Appeals Council before seeking judicial review," though

4    the court declined to address that situation as not properly before it in <u>Smith</u>.  <u>Smith</u>, 139 S. Ct. at

5    1777 n.17.   Nonetheless, the Supreme Court also noted that, "[w]hile such a claimant would not

6    have received a 'hearing' at all, the Court's precedents also make clear that a hearing is not

7    always required," <u>id.</u> (citation omitted), which appears to suggest that, in the instant situation, a

8    similar result as that occurring in <u>Smith</u> would still be warranted.

9            While the Ninth Circuit has not squarely addressed the circumstances present here, the

10   Court notes other courts have persuasively analogized <u>Smith</u> to the circumstances present here

11   and applied the same reasoning of the Supreme Court to determine they had jurisdiction over the

12   plaintiff's appeal.  <u>See</u>, <u>e.g.</u>, <u>Wilson v. Comm'r of Soc. Sec.</u>, No. 21-10278, 2021 WL 3878252

13   (11th Cir. Aug. 31, 2021) (reversing district court's dismissal for lack of jurisdiction and

14   remanding to determine whether the ALJ's dismissal of claimant's request for a hearing was

15   proper);  <u>Hayward v. Comm'r of Soc. Sec.</u>, No. 1:18-CV-10402 (SN), 2021 WL 982296

16   (S.D.N.Y. Mar. 16, 2021); <u>Mary B. v. Saul</u>, No. 19-cv-2091-KMM, 2020 WL 4803810 (D. Minn.

17   Aug. 18, 2020); <u>Quattlebaum v. Saul</u>, No. DLB-19-3258, 2021 WL 1225542 (D. Md. Mar. 31,

18   2021).   This Court, too, finds the instant challenge analogous to that in <u>Smith</u>, such that the

19   Appeals Council's denial of Plaintiff's request to review the ALJ's dismissal is considered a final

20   decision of the Commissioner and is properly before this Court for review.[4]

21           Having determined this matter is properly before the Court, the Court addresses the scope

22   and legal standard of its review.  In <u>Smith</u>, the Supreme Court made clear that "in an ordinary

23   case [dismissed by the Social Security Administration on procedural grounds], a court should

---

24

25   [4] In any event, the Court notes the exhaustion requirement under § 405(g) that was implicated in <u>Smith</u>, as well as the
     instant case, may be either waived by the Commissioner or excused by the Court.  <u>Smith</u>, 139 S. Ct. at 1773 (citing

26   <u>Mathews v. Eldridge</u>, 424 U.S. 319, 328 (1976)); <u>see also Subia</u>, 264 F.3d at 902 (district court may excuse failure to
     exhaust where claimant asserts colorable constitutional claims).  Here, the Commissioner has taken the position that

27   Plaintiff's appeal is properly before this Court (<u>see</u> ECF No. 38 at 4–5); accordingly, in the alternative, the
     exhaustion requirement is deemed waived for purposes of the instant appeal.  <u>See also Bowen v. City of New York</u>,

28   476 U.S. 467, 483 (1986) ("Ordinarily, the Secretary has discretion to decide when to waive the exhaustion
     requirement.").

restrict its review to the procedural ground that was the basis for the Appeals Council dismissal and (if necessary) allow the agency to address any residual substantive questions in the first instance." Smith, 139 S. Ct. at 1780.  Furthermore, such decisions should be reviewed for "abuse of discretion as to the overall conclusion, and 'substantial evidence' 'as to any fact.' " Id. at 1779 n.19 (citation omitted).

"Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002) (quoting Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995)); see also Dickinson v. Zurko, 527 U.S. 150, 153 (1999) (comparing the substantial-evidence standard to the deferential clearly-erroneous standard).  "[T]he threshold for such evidentiary sufficiency is not high." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). Rather, "[s]ubstantial evidence means more than a scintilla, but less than a preponderance; it is an extremely deferential standard." Thomas v. CalPortland Co., 993 F.3d 1204, 1208 (9th Cir. 2021) (internal quotations and citations omitted); see also Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).  Accordingly, if substantial evidence supports the Commissioner's determination that a claimant did not establish good cause existed for his failure to appear for his hearing, a court will review the agency's "good cause" determination for abuse of discretion.  See Bowen, 476 U.S. at 483.

Finally, it is not this Court's function to second guess the ALJ's conclusions and substitute the Court's judgment for the ALJ's; rather, if the evidence "is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." Ford v. Saul, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)).

**IV.**

**DISCUSSION AND ANALYSIS**

Plaintiff's opening and reply brief largely focus on the underlying merits of his claim. (See ECF Nos. 36, 39.)  To that point, Plaintiff argues his retirement benefits were improperly suspended based on the finding that he was "convicted and confined to Coalinga State Mental

///

1    Hospital on October 12, 2017."[5]   While Plaintiff does not dispute that he resided at the Coalinga

2    State Hospital in October 2017, he takes issue with the characterization of his residency as related

3    to any criminal conviction triggering 42 U.S.C. 202(x)'s suspension of benefits and claims

4    instead he was at Coalinga on a voluntary basis to receive treatment and evaluation.

5            In response, Defendant argues the only issue presently before this Court is whether the

6    ALJ erred in dismissing Plaintiff's request for a hearing following his failure to appear and failure

7    to submit a response to the request to show cause.  (ECF No. 38.)  Further, Defendant argues

8    because Plaintiff does not address this issue, he has waived it, and the ALJ's decision should be

9    affirmed.  Alternatively, Defendant argues Plaintiff has identified no good cause for his failure to

10    appear, therefore, the ALJ's dismissal was appropriate.

11            For the reasons highlighted above, the scope of the Court's review is limited to the

12    procedural issue currently before it.  Smith, 139 S. Ct. at 1780; see also Carroll v. Comm'r of

13    Soc. Sec., No. 1:20-cv-00491-HBK, 2021 WL 5785054 (E.D. Cal. Dec. 7, 2021) (district court

14    did not address underlying merits of plaintiff's disability benefits claim but only propriety of

15    dismissal for failure to submit good cause for failure to timely file appeal); Quattlebaum, 2021

16    WL 1225542, at *3 ("I agree with the Commissioner and confine my review to the finding that

17    plaintiff failed to demonstrate good cause for his failure to appear at his hearing").  Therefore, the

18    Court will address the parties' arguments with respect to whether the Appeals Council properly

19    denied Plaintiff's request to review the ALJ's dismissal of his request for a hearing for failure to

20    submit good cause for failure to appear at the hearing.

21            **A.      Whether Plaintiff Waived His Good Cause Argument**

22            As an initial matter, Defendant argues the Court should find Plaintiff has waived his good

23    cause argument because he does not address it in his opening brief and affirm the ALJ's decision

24    on that basis.  In this Circuit, however, courts are required to afford *pro se* litigants additional

25    ─────────────────────────

26    [5] More specifically, the administrative decision explained that: "Section 202(x) of the Social Security Act, as it
applies to convictions on or after April 1, 2000, provides for the suspension of benefits for individuals confined to a
prison, or other penal institution, for more than 30 consecutive calendar days following conviction, regardless of the

27    nature of the crime.  Under this provision, if at least one day in a month is spent so confined, benefits are suspended
for the entire month.  [¶]  This section further provides for the suspension of benefits for individuals confined by
court order in an institution at public expense, in connection with a verdict or finding of mental disease, mental

28    defect, mental incompetence, or other similar verdicts or findings."  (AR 12.)

7

1  leniency.  See, e.g., Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (quoting Hebbe v.

2  Pliler, 627 F.3d 338, 342 (9th Cir. 2010)) (holding when plaintiff "is pro se, particularly in civil

3  rights cases, [courts should] construe the pleadings liberally and . . . afford the [plaintiff] the

4  benefit of any doubt.").  The Court notes Plaintiff indicates in his complaint that he sought a

5  continuance of his hearing date because he lacked transportation and counsel, and Plaintiff

6  contends in his reply briefing that he did not waive the good cause issue because the basis for his

7  request for the continuance is his proffer of good cause for his failure to appear.  Construing the

8  pleadings liberally due to Plaintiff's pro se status, Wilhelm, 680 F.3d at 1121, the Court declines

9  to affirm the ALJ's decision on the basis of waiver.

10  **B.      Whether Substantial Evidence Supported the ALJ's Finding that Plaintiff**
   **Failed to Establish Good Cause Existed for His Failure to Appear at the**
11  **March 1, 2019 Hearing**

12      In determining whether it was an abuse of discretion to deny Plaintiff's request to review

13  the ALJ's dismissal of his request for a hearing the Court evaluates whether substantial evidence

14  supported the ALJ's finding that Plaintiff lacked good cause to miss his hearing.

15      1.    No Response to the Order to Show Cause for Failure to Appear

16      Under the relevant regulations, an ALJ may dismiss a claimant's hearing request when a

17  claimant or the claimant's representative fails to appear at the time and place set for the hearing

18  and "good cause has not been found by the administrative law judge" for the failure to appear.  20

19  C.F.R. § 404.957(b)(1)(i).

20      Here, Plaintiff received notice of the time, date, and procedures for rescheduling his

21  hearing; he was sent a follow-up notice and warning that failure to appear may result in dismissal;

22  and he was contacted by telephone and received a voicemail reminder of his hearing date.  (See

23  AR 3–7, 19–29, 32, 34.)  It is undisputed that Plaintiff failed to appear for his scheduled hearing

24  on March 1, 2019.  In addition, Plaintiff does not contest, and substantial evidence shows, that

25  Plaintiff did not submit any response to the ALJ's request to show cause for missing his hearing.

26  On this record, the ALJ did not err in dismissing Plaintiff's request for a hearing for failure to

27  show good cause for failing to attend his March 1, 2019 hearing.

28  ///

1

      2.      <u>Requests for a Continuance Were Procedurally Deficient</u>

2

      Nor did the ALJ err in denying Plaintiff's untimely requests for a continuance of his

3

hearing date.  As noted, Plaintiff received all manner of instructions pertaining to his hearing with

4

the December 7, 2018 written notice.  Importantly, the notice provided:

5

                          **If You [the claimant] Cannot Attend Your Scheduled Hearing**

6

                If you are not able to attend your hearing at the time and place I [the
ALJ] have set, please call this office immediately.

7

8

                If you wish to change the time or place of your hearing, you must
ask for a change.  Your request must be in writing to tell me why
you need the change and the time and place you would like the
hearing held.

9

10

                You must ask for this change before the earlier of . . . 30 days after
you receive this notice [or] . . . five days before the date of your
hearing.  We assume you received this notice 5 days after the date
on it unless you show us that you did not get it within the 5-day
period.  If you delay in asking for a change, I will also decide
whether you have a good reason for the delay.  I will rule on your
request based on our standards for deciding if there is a good reason
for changing the time and place of your hearing.

11

12

13

14

                You may ask us if you want to appear by telephone.  I will grant
your request if I find that extraordinary circumstances prevent you
from appearing in person or by video teleconferencing.

15

16

17

(AR 20–21 (emphasis in original).)  Plaintiff does not dispute he received this notice within the

18

five-day period prescribed, and nothing in the record suggests Plaintiff ever claimed his receipt of

19

the notice was delayed.  Thus, based on the December 7, 2018 notice and the regulations, Plaintiff

20

was deemed to have received the notice of his hearing date by December 12, 2018, and any

21

written request for a change in hearing date or place was due by January 11, 2019.[6]  (<u>Id.</u>); 20

22

C.F.R. § 404.901 (provides a claimant is deemed to have received notice five days after the date

23

on the notice unless the claimant can establish that he did not receive it within the five-day

24

period); <u>see also</u> 20 C.F.R. § 404.936(e)(1)(i) (same).

25

      Plaintiff did not request a continuance of his hearing date until February 10, 2019, nearly a

26

---

27

[6] The Court acknowledges the hearing office also left Plaintiff a voicemail providing the date and time of his hearing
on November 26, 2018.  (AR 19.)  However, as the deadlines prescribed in the notice appear to apply only to the
written notice sent to Plaintiff, the Court bases its calculations off of the December 7, 2018 mailing date of the
written notice.

28

month too late.  (AR 20–21, 31); 20 C.F.R. § 404.901.  The request did not indicate a specific time or date for the new hearing date, nor does Plaintiff request to appear by video or telephonic conference instead of in person.  (See AR 31.)  Nor does Plaintiff's request indicate why he failed to request the continuance sooner.  See 20 C.F.R. § 404.901 (identifying good cause bases for missing a deadline to request review by an ALJ).  Based on this record, Plaintiff failed to comply with the regulations governing requests to change the time or place of his hearing, and the ALJ did not err in denying Plaintiff's untimely request.  Plaintiff's second request, a letter addressed directly to the ALJ dated February 19, 2019, is procedurally deficient for the same reasons. Plaintiff's third request, a phone call to the appeals office on February 28, 2019 (the day before Plaintiff's hearing), in addition to the aforementioned reasons, is procedurally deficient for not being a written request.

### 3. Requests for a Continuance Did Not Demonstrate Existence of Good Cause

Finally, even construing Plaintiff's communications on the record as proffers of good cause for his failure to appear, the Court cannot conclude the ALJ erred in declining to find good cause existed for Plaintiff's failure to appear at his March 1, 2019 hearing.

In determining whether good cause exists for failure to appear for a hearing, the agency "will consider any physical, mental, educational, or linguistic limitations" which the claimant may have.  20 C.F.R. § 404.957(b)(2); see Novak v. Comm'r of Soc. Sec., No. 1:18CV2716, 2020 WL 6389992, at *2 (N.D. Ohio Nov. 2, 2020) (affirming Commissioner's dismissal based on finding that claimant did not establish a "good cause" limitation under § 404.957(b)(2) prevented him from attending his hearing); see also Saephan v. Barnhart, No. C 01-02660 SI, 2003 WL 22309450 (N.D. Cal. Oct. 1, 2003) (remanding where ALJ did not consider or discuss claimant's response to request to show cause explaining his linguistic difficulties to the ALJ and that he was unable to get the request to show cause translated until after the response was due); Lee v. Colvin, No. CV 12-5008-CW, 2013 WL 6017436 (C.D. Cal. Nov. 13, 2013) (counsel's letter in response to a request to show cause that claimant's absence was due to his mental health issues was sufficient to establish good cause).

Similarly, the Social Security Administration's Hearing, Appeals, and Litigation and Law

Manual ("HALLEX")[7] provides the following definition of good cause for failure to appear:

> The term "good cause" refers to a reasonable explanation for failing to comply with a requirement.  When determining whether good cause exists for failure to appear, an ALJ must base his or her decision on the circumstances of each individual case.  In doing so, the ALJ must consider any physical, mental, educational, or linguistic limitations that may have prevented the claimant from appearing at the scheduled time and place of the hearing, akin to the requirements for consideration of good cause for late filing in 20 CFR 404.911 and 416.1411[8] and Social Security Ruling 91-5p[9].

HALLEX I-2-4-25. Dismissal Due to Claimant's Failure to Appear, 1993 WL 643012, at *2.  The HALLEX notes good cause for failure to appear generally exists under one of three circumstances: lack of notification of the scheduled hearing, an unforeseeable event, or the withdrawal of representation without sufficient notice (i.e., approximately a week or less before the scheduled hearing).  Id. at *2–3.

The record reflects two reasons for Plaintiff proffered for his non-attendance: (1) Plaintiff did not have a car, or bus fare to attend the hearing, and (2) "the [attorney] that was going to take his case pulled out at the last minute."  (AR 35.)  In his reply briefing, Plaintiff argues his February 28, 2019 statement was misquoted on the record, and that he actually told the office clerk that "without a transportation order he could not appear for the hearing as no transportation would be provided by Coalinga State Hospital."  (ECF No. 39 at 1.)  But this clarification is

---

[7] The Court acknowledges the HALLEX is not binding and only references the manual to the extent the Court finds it is persuasive with respect to the instant case.  See Clark v. Astrue, 529 F.3d 1211, 1216 (9th Cir. 2008) (observing that the HALLEX manual "is strictly an internal Agency manual, with no binding legal effect on the Administration or [the] court, . . . [and is] entitled to respect under [Skidmore v. Swift & Co., 323 U.S. 134 (1944)], . . . to the extent it has the 'power to persuade.' ") (citing Moore v. Apfel, 216 F.3d 864, 868–69 (9th Cir. 2000)) (internal citation omitted) (internal quotation marks omitted).

[8] Sections 404.911 and 416.1411 which identify good cause circumstances relating to missing the deadline to request ALJ review under various claim circumstances provide identical non-exhaustive examples of circumstances where good cause may exist, including: (1) illness, (2) death in the family, (3) destruction of records, (4) "you were trying very hard to find necessary information to support your claim but did not find the information within the stated time periods," (5) a timely request for additional information explaining the benefits ruling, (6) receiving incorrect or incomplete information about when and how to request administrative review or file suit, (7) no notice of the initial decision, (8) claimant sent request to the wrong governmental agency in good-faith mistake, or (9) "unusual or unavoidable circumstances." 20 C.F.R. §§ 404.911, 416.1411.

[9] SSR 91-5p concerns requests for extension of time to request reconsideration based on the claimant's lack of mental capacity to understand the procedures for requesting review, a circumstance which has not been raised and does not appear applicable here.  See Anderson v. Barnhart, No. Civ.03-2611 JRT/JGL, 2004 WL 2066829, at *3 (D. Minn. Sept. 1, 2004) (discussing Ruling 91-5).

1   potentially more damaging to Plaintiff's argument, in that it appears to conflict with Plaintiff's

2   representations to the ALJ that his address was in Lodi, CA (see AR 32) and underlying merits

3   argument that he was never incarcerated.  Regardless, the transportation issue does not constitute

4   good cause, as it does not fall under the identified bases of good cause for failing to appear for a

5   hearing, or the analogous good cause for missing the deadline to request review.  See 20 C.F.R.

6   §§ 404.957(b)(2), 404.911, 416.141.  Nor does the HALLEX support a finding that Plaintiff's

7   lack of transportation amounts to good cause as nothing in the record indicates Plaintiff's lack of

8   a vehicle, bus fare, or transportation order was an unforeseeable or unavoidable event.  See

9   HALLEX, 1993 WL 643012, at *2–3.  The Court also cannot say it supports a good cause finding

10  since, conspicuously absent from the record is any indication that Plaintiff did not delay in

11  attempting to timely procure transportation.

12      Plaintiff's legal representation argument, while a closer call, is also unavailing.  The Court

13  notes Plaintiff's representation on February 19 and February 28/March 1, 2019, that the attorney/s

14  that were "going to take his case pulled out at the last minute" (AR 32, 35) is belied by Plaintiff's

15  prior statement on February 10, 2019, indicating that he was never able to obtain representation in

16  the first place (Id. at 31).  Given these conflicting statements, and without any supporting

17  evidence for the latter statement, it was not unreasonable for the ALJ to determine the inability to

18  retain legal representation did not fall under any definition or example of good cause.  See 20

19  C.F.R. §§ 404.957(b)(2), 404.911, 416.141; HALLEX, 1993 WL 643012, at *2–3; see also

20  Hayward, 2021 WL 982296, at *5 (affirming rejection of newly-raised contention for which

21  claimant presented no supporting evidence and which undermined claimant's prior argument).

22      On this record, the Court finds substantial evidence supports the ALJ's finding that

23  Plaintiff failed to establish good cause existed for failing to appear at his hearing and dismissing

24  the request for a hearing after Plaintiff failed to submit a response to the ALJ's request to show

25  cause.  Accordingly, the Appeals Council's decision to deny Plaintiff's requests for review of the

26  ALJ's dismissal of his request for a hearing was not an abuse of discretion.

27  ///

28  ///

1

2

**V.**

**CONCLUSION AND ORDER**

3
4
5
6

Based on the foregoing, the Court finds the ALJ's decision to be supported by substantial evidence in the administrative record, and free from remandable legal error.  Thus, the Court affirms the Commissioner's decision finding that the ALJ properly dismissed Plaintiff's request for an ALJ hearing.

7
8
9
10

Accordingly, IT IS HEREBY ORDERED that Plaintiff's appeal from the decision of the Commissioner of Social Security is DENIED.  It is FURTHER ORDERED that judgment be entered in favor of Defendant Commissioner of Social Security and against Plaintiff Larry John Curlee.  The Clerk of the Court is DIRECTED to CLOSE this action.

11
12

IT IS SO ORDERED.

13

Dated:  __**April 1, 2022**__

14

UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28