# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JOHN CURLEE,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Case No. 1:20-cv-00145-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S SOCIAL SECURITY APPEAL<br><br>(ECF Nos. 40, 42) |

## I.

## INTRODUCTION

Currently before the Court is Plaintiff Larry John Curlee's ("Plaintiff") motion for reconsideration of the Court's order denying his Social Security appeal. (ECF No. 42.) For the reasons set forth below, Plaintiff's motion is DENIED.

## II.

## RELEVANT BACKGROUND

In March 2018, Plaintiff's Title II retirement benefits were suspended because the Commissioner learned that Plaintiff resided at Coalinga State Hospital since October 2017. (See Admin. Rec. ("AR") 9–10, 12–13, 42–46, ECF No. 20-1.)[1]  On March 30, 2018, Plaintiff

---

[1] For ease of reference, the Court will refer to the administrative record by the pagination provided by the Commissioner, and not the ECF pagination.  However, the Court will refer to all other briefings by their ECF

1

requested reconsideration of the suspension of his benefits. (Id. at 8–11.) On May 21, 2018, on reconsideration, the determination to suspend Plaintiff's benefits was affirmed. (Id. at 12–14.)

On July 18, 2018, Plaintiff requested a hearing before an ALJ. (Id. at 15.) Plaintiff's hearing was scheduled for March 1, 2019. (See id. at 20.) On February 10, 2019, Plaintiff indicated he was unable to obtain legal counsel and requested a ninety-day continuance in order to conduct his own legal research. The ALJ denied Plaintiff's request. Plaintiff sent the ALJ a letter, dated February 19, 2019, and received by the hearing office on February 22, 2019, discussing the merits of his case and his unsuccessful attempts to retain an attorney, requesting the office mail him copies of his case file, and again requesting a continuance of the hearing. (Id. at 32–33.) The ALJ denied Plaintiff's request for a continuance. (See id. at 35.) On February 25, 2019, the hearing office called Plaintiff and informed him of the ALJ's denial of his request for a continuance. (See id. at 6–7.) That same day, the hearing office also mailed Plaintiff a reminder notice of his upcoming hearing date. (Id. at 34.)

On February 28, 2019, Plaintiff called the hearing office to again request a continuance of his hearing. (Id. at 35.) The hearing office staff person emailed the ALJ asking for a postponement based on Plaintiff's renewed claim that he had no car, no money for bus fare, and the attorney who was going to take his case pulled out at the last minute. The ALJ denied Plaintiff's request, which the office staff person relayed to Plaintiff the morning of March 1, 2019. Plaintiff then told the staff person that he would not be present for the hearing and would wait for something in the mail from the ALJ. Plaintiff did not attend the hearing that day. (See id. at 36; see also id. at 7.)

On March 4, 2019, the ALJ issued a request to show good cause for Plaintiff's failure to appear at the hearing. (Id. at 36–38.) Plaintiff never responded to the request to show cause. (See id. at 41; see also id. at 7; ECF Nos. 1, 36, 39.)

On May 22, 2019, the ALJ dismissed Plaintiff's request for a hearing because Plaintiff failed to appear at the hearing and did not have good cause for his failure to do so. (AR 3–7.) On December 4, 2019, the Commissioner denied Plaintiff's request to review the ALJ's May 22,

pagination.

2019 dismissal, thus affirming the dismissal. (Id. at 1–2.)

Plaintiff filed the instant action on January 29, 2020, seeking judicial review of the denial of his request to review the ALJ's dismissal of his request for a hearing.[2] (ECF No. 1.) On April 1, 2022, the Court denied Plaintiff's appeal and entered judgment in favor of the Commissioner and against Plaintiff. (ECF Nos. 40, 41.) The Court denied Plaintiff's appeal because substantial evidence in the administrative record supported the ALJ's finding that Plaintiff failed to establish good cause existed for his failure to appear at the March 1, 2019 hearing. (ECF No. 40.)

Notably, the record revealed that Plaintiff never provided any response whatsoever to the ALJ's order to show cause for failure to appear. Furthermore, the Court found the reasons proffered in Plaintiff's requests for a continuance of the March 1, 2019 hearing were also insufficient to establish good cause for Plaintiff's failure to appear. More specifically, the regulations defining sufficient circumstances to establish "good cause" (20 C.F.R. §§ 404.957(b)(2), 404.911, or 416.1411, or the Social Security Administration's Hearing, Appeals, and Litigation and Law Manual) require a lack of notification of the scheduled hearing, circumstances demonstrating an unforeseeable event, or the withdrawal of representation without sufficient notice. The Court determined that Plaintiff's purported reasons for needing the continuance — i.e., not being able to retain an attorney and lack of transportation — did not establish "good cause" under any of the regulations.[3]

On April 11, 2022, Plaintiff filed the instant motion for reconsideration pursuant to Federal Rule of Civil Procedure ("Rule") 60. (ECF No. 42.)

### III.

### STANDARD OF LAW

The Court may grant reconsideration under either Rule 59(e) or 60(b). See Schroeder v. McDonald, 55 F.3d 454, 458–59 (9th Cir. 1995). A motion to alter or amend a judgment under

---

[2] The complaint additionally discussed the underlying merits of Plaintiff's claim for reconsideration of the suspension of his retirement benefits. However, because the only issue before the Court for review was the Commissioner's final decision denying Plaintiff's appeal of the ALJ's dismissal of his request for a hearing, the Court declined to address Plaintiff's remaining arguments.

[3] The Court additionally found the requests for continuance were procedurally deficient because they were untimely and therefore the continuance was denied on this independent basis as well.

1  Rule 59(e) must be filed no later than twenty-eight days after the entry of judgment. Fed. R. Civ.
2  P. 59(e). Therefore, a "motion for reconsideration" is treated as a motion to alter or amend
3  judgment under Rule 59(e) if it is filed within twenty-eight days of entry of judgment. Rishor v.
4  Ferguson, 822 F.3d 482, 489–90 (9th Cir. 2016); see Am. Ironworks & Erectors, Inc. v. N. Am.
5  Const. Corp., 248 F.3d 892, 898–99 (9th Cir. 2001). Otherwise, it is treated as a Rule 60(b)
6  motion for relief from judgment or order. Id.

7  Here, Plaintiff's motion is styled as a motion for reconsideration pursuant to Rule 60;
8  however, because the motion was filed within twenty-eight days of entry of judgment, it must
9  therefore be construed as a motion to alter or amend the judgment under Rule 59(e). (*See* ECF
10 Nos. 41, 42); Rishor, 822 F.3d at 489–90.

11 Rule 59(e) does not list specific grounds for a motion to amend or alter, therefore the
12 district court enjoys considerable discretion in granting or denying the motion. Allstate Ins. Co.
13 v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing McDowell v. Calderon, 197 F.3d 1253,
14 1255 n.1 (9th Cir. 1999)). "In general, there are four basic grounds upon which a Rule 59(e)
15 motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact
16 upon which the judgment rests; (2) if such motion is necessary to present newly discovered or
17 previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or
18 (4) if the amendment is justified by an intervening change in controlling law." Id.
19 Reconsideration "should not be granted, absent highly unusual circumstances, unless the district
20 court is presented with newly discovered evidence, committed *clear error*, or if there is an
21 intervening change in the controlling law." McDowell, 197 F.3d at 1255 (emphasis in original).
22 Indeed, "reconsideration of a judgment after its entry is an extraordinary remedy which should be
23 used sparingly." Id. at 1255 n.1. Further, "[a] motion for reconsideration may *not* be used to
24 raise arguments or present evidence for the first time when they could reasonably have been
25 raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.
26 (Marlyn), 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

27 ///

28 ///

## IV.

## DISCUSSION

The majority of Plaintiff's motion, including the fifty pages of records previously attached to the complaint (and which are part of the administrative record), merely rehash Plaintiff's arguments regarding the underling merits of his claim, rather than address the Court's instant ruling that the ALJ properly determined Plaintiff failed to establish good cause existed for his failure to appear.  (See, generally, ECF No. 42.)  Notably, Plaintiff's arguments do not constitute "newly discovered or previously unavailable evidence" or "an intervening change in controlling law."  Allstate Ins. Co., 634 F.3d at 1111.  Nor does Plaintiff identify any specific circumstances that are so "highly unusual" as to require reconsideration to "prevent manifest injustice."  McDowell, 197 F.3d at 1255; Allstate Ins. Co., 634 F.3d at 1111.  As such, these arguments fail to establish Plaintiff is entitled to relief under Rule 59(e).

Indeed, the only argument Plaintiff raises with respect to the Court's determination that the ALJ properly dismissed Plaintiff's request for a hearing after his failure to appear is that Plaintiff purportedly did not respond to the ALJ's March 4, 2019 order to show cause document because he never received it.  (ECF No. 42 at 5; Curlee Decl. ¶ 5, ECF No. 42 at 8.)  But this is a brand-new argument which Plaintiff did not raise in his complaint, opening brief, or his reply briefing, even after Defendant pointedly argued that Plaintiff failed to respond to the ALJ's order to show cause or otherwise demonstrate good cause existed for his failure to appear.[4]  (Compare ECF Nos. 1, 36, 39 with 38.)  As noted in the aforementioned authorities, a motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.  Marlyn, 571 F.3d at 880.  Not only is it clear that Plaintiff could have raised this argument earlier; he also provides no reason to justify his failure to do so.

Regardless, even considering this newly submitted evidence, the Court's findings and order remain unchanged.  Namely, Plaintiff does not provide any new proffers of "good cause" or

---

[4] Indeed, no such arguments appear to have been made during the administrative appeal process, as Plaintiff does not appear to have claimed he did not receive the order to show cause in any of his underlying filings in the administrative record challenging the ALJ's dismissal.

indicate he would have asserted any additional reasons for his failure to appear other than his inability to retain counsel or transportation.  (See ECF No. 42 at 5 (Plaintiff only discusses his inability to obtain counsel).)  The Court discussed the counsel and transportation issues at length in its order and determined neither constituted a sufficient basis to establish "good cause" for Plaintiff's failure to appear at the March 1, 2019 hearing.  (See ECF No. 40 at 8–12.)  Plaintiff does not submit any argument or legal authority to challenge this determination.  Thus, Plaintiff has also not established any "manifest errors of law or fact upon which the judgment rests."  Allstate Ins. Co., 634 F.3d at 1111.  Accordingly, Plaintiff fails to demonstrate he is entitled to the extraordinary relief set forth under Rule 59(e).  McDowell, 197 F.3d at 1255 n.1.

As such, the Court finds reconsideration of its April 1, 2022 order denying Plaintiff's Social Security appeal (ECF No. 40) is unwarranted.

**V.**

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration (ECF No. 42) is DENIED.

IT IS SO ORDERED.

Dated:   **April 14, 2022**                                   
                                         UNITED STATES MAGISTRATE JUDGE