# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JOHN CURLEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 1:20-cv-00145-SAB<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S SOCIAL SECURITY APPEAL<br><br>(ECF Nos. 43, 44) |

## I.

## INTRODUCTION

Plaintiff Larry John Curlee ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, initiated this action January 29, 2020, seeking judicial review of a final decision of the Commissioner of Social Security ("Defendant") to deny his request to review the administrative law judge's ("ALJ") dismissal of his request for a hearing. On April 1, 2022, the Court denied Plaintiff's social security appeal and entered judgment for Defendant. (ECF Nos. 40, 41.) On April 11, 2022, Plaintiff filed a motion for reconsideration of the Court's order. (ECF No. 42.) The Court construed Plaintiff's motion as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) and denied the motion. (ECF No. 43.)

Currently before the Court is Plaintiff's filing titled "addendum to motion for

1  reconsideration of order denying Plaintiff's social security appeal pursuant to Rule 60"
2  (capitalizations removed), which the Court construes as a second motion for reconsideration of
3  the Court's order denying his Social Security appeal. (ECF No. 42.) For the reasons set forth
4  below, Plaintiff's motion is DENIED.

## II.

## STANDARD OF LAW

As the Court previously noted, a motion for reconsideration under Federal Rule of Civil Procedure 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (emphasis in original). Indeed, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. at 1255 n.1. Further, "[a] motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co. (Marlyn), 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original) (internal quotations omitted).

## III.

## DISCUSSION

The Court denied Plaintiff's first motion for reconsideration because Plaintiff's arguments did not constitute "newly discovered or previously unavailable evidence," "an intervening change in controlling law," or specific circumstances so "highly unusual" as to require reconsideration to "prevent manifest injustice," but instead impermissibly sought to relitigate the underlying merits of Plaintiff's claim. (ECF No. 43.) Plaintiff's second motion for reconsideration again reiterates prior arguments. (ECF No. 44.) In support of his underlying claims, Plaintiff attaches correspondences and other documents relating to his social security claim dating back to 2018, which were included in the administrative record considered by the Court when it denied Plaintiff's appeal. (See id. at 4–14.) Plaintiff's reassertion of prior arguments and "evidence" previously submitted before this Court is not well-taken.

1 	The Court finds reconsideration is unwarranted for the exact same reasons previously articulated. (See ECF No. 43.) In sum, nothing in Plaintiff's motion for reconsideration indicates any manifest errors of law or fact, newly discovered evidence, or highly unusual circumstances that would compel a different result. Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). Nor has Plaintiff shown that granting the motion is necessary to prevent manifest injustice. Id. Accordingly, Plaintiff again fails to establish he is entitled to the extraordinary remedy provided for under Rule 59(e). Accordingly, the second motion for reconsideration shall be denied. Further, Plaintiff is reminded that, even though he is proceeding *pro se*, he is nevertheless bound by the rules of procedure. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, no further filings are permitted, and no orders will issue in response to any future filings in this case.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's second motion for reconsideration (ECF No. 44) is DENIED. The Clerk of the Court is DIRECTED to disregard any further filings by Plaintiff in this closed matter.

IT IS SO ORDERED.

Dated:   **April 20, 2022**

UNITED STATES MAGISTRATE JUDGE